```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Brian Keith Devine, ) | Civil Action No.: 5:17-2530-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Brian Keith Devine's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Kaymani D. West, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed for SSI on March 20, 2013, and DIB on March 21, 2013, 2013, alleging a disability onset date of February 28, 2019, that was later amended to March 21, 2013. His applications were denied initially and upon reconsideration, and he requested a hearing

before an administrative law judge ("ALJ"). A hearing was held on April 22, 2016, at which Plaintiff, and the ALJ issued a decision on July 12, 2016, denying Plaintiff's claims. The Appeals Council issued a notice denying Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review of the Commissioner's final decision on September 20, 2017.

Plaintiff was born in 1959 and was 50 years old on his alleged onset date. Plaintiff earned his high school diploma and has past relevant work as a forklift driver and operator, janitor, and machine operator. Plaintiff alleges disability based on his back pain, sleep disorder, depression, shoulder problems, and knee pain.

## **STANDARDS OF REVIEW**

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are

supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the

3

impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2010, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: osteoarthritis in the knees and migraine headaches. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except that Plaintiff can lift and carry 50 pounds occasionally, 25 pounds frequently; stand for a total of six hours in an eight-hour workday, walk for a total of six houses in an eight-hour workday, and sit for a total of six hours in an eight-hour workday; occasionally push and pull with the left upper

4

extremity; never climb ropes, ladders, and scaffolds; and frequently climb ramps and stairs, balance, stoop, kneel, crawl, and reach overhead with the left upper extremity; and avoid concentrated exposure to hazards. The ALJ found that Plaintiff is unable to perform his past relevant work but that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the decision.

## II. The Court's Review[1]

In this action, Plaintiff asserts the following: (1) "The ALJ's RFC determination is unsupported by substantial evidence, as he failed to follow the treating physician rule and improperly rejected the opinion of Plaintiff's treating physician Dr. Jones"; (2) "The ALJ failed to develop the record and obtain opinions regarding Plaintiff's mental and physical impairments"; and (3) "The ALJ's step 5 determination is unsupported by substantial evidence, as the Vocational Expert's testimony was based on an incomplete hypothetical question which did not account for Plaintiff's mental and physical limitations." (ECF No. 19 at 1.) In her Report, the Magistrate Judge evaluated each of Plaintiff's claims and found them to be without merit. Plaintiff filed objections to the Magistrate Judge's Report, which the Court addresses below.[2]

---

[1] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

[2] Plaintiff's objections include one heading that states: "The Appeals Council erred as a matter of law in failing to provide adequate explanation for rejecting the opinion of NP Powell."

### A. The Treating Physician Rule

Plaintiff first claims that the ALJ failed to properly evaluate the medical opinions of Plaintiff's treating physician, Dr. Jones. In her Report, the Magistrate Judge rejected Plaintiff's argument and determined that substantial evidence supports the ALJ's decision to give less weight to Dr. Jones' opinions. Plaintiff objects to this conclusion and reasserts his position that the ALJ erred in giving limited weight to Dr. Jones' opinions.

As the Magistrate Judge explained, under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation known as the "Treating Physician Rule" imposes a duty on the Commissioner to "evaluate every medical opinion." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

---

(ECF No. 26 at 1.) As this case does not involve an opinion by NP Powell, this heading appears to be a typographical error, and the Court will disregard this heading and instead evaluate the substance of Plaintiff's other objections.

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. S.S.R. 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

Here, as the Magistrate Judge explained, the ALJ provided six specific reasons for the weight given to Dr. Jones' opinion. First, the ALJ determined that Dr. Jones' opinion was not supported by the medical evidence and was not consistent with substantial evidence. Second, the ALJ determined that Dr. Jones' opinions were internally inconsistent. Third, the ALJ determined that Dr. Jones is a family practitioner and not a mental health provider. Fourth, the ALJ determined that Dr. Jones' opinions were based on Plaintiff's subjective complaints and not on objective medical findings. Fifth, the ALJ found that Dr. Jones' opinions were inconsistent with Plaintiff's activities of daily living. Sixth, the ALJ found that Dr. Jones' opinions were inconsistent with Plaintiff's longitudinal history of mental health and other medical problems in the record. Thus, the Court agrees with the Magistrate Judge that the ALJ's decision is consistent with Social Security Ruling 96-2p. *See also Sharp v. Colvin*, 660 F. App'x 251, 257 (4th Cir. 2016) (finding that an ALJ's stated reason for according less weight to a treating physician's opinion was

sufficient where the ALJ explained why he discredited the opinion). Indeed, the Court finds that the record contains substantial evidence supporting his stated reasons for giving less weight to the opinion of Dr. Jones. Moreover, the Court finds that Plaintiff's objections on this point simply raise arguments already fully addressed and rejected by the Magistrate Judge and fail to point to any legal or factual error in the Magistrate Judge's thorough analysis. (*See* ECF No. 26 at 3.)

As the Magistrate Judge properly explained, it is not this Court's job to re-weigh the evidence but to determine whether substantial evidence supports the Commissioner's decision. Here, in light of the six specific reason the ALJ gave for giving less weight to the opinion of Dr. Jones, the Court wholly agrees with the Magistrate Judge that substantial evidence supports the ALJ's evaluation of Dr. Jones' opinion.

### B. The ALJ's Duty to Develop the Record

As a second claim, Plaintiff asserts that the ALJ failed to develop the record and obtain opinions regarding Plaintiff's mental and physical impairments. In her Report, the Magistrate Judge rejected Plaintiff's argument and found that the ALJ was not required order additional consultative examinations.

In his objections, Plaintiff reasserts his argument and claims that the "ALJ had a duty to develop the record due to the motor vehicle accident Plaintiff was involved with early in 2014, coupled with the lack of opinion evidence following this accident." (ECF No. 26 at 2.) Plaintiff again complains that he suffered increased difficulties following the accident and that these difficulties were not examined or detailed by any medical opinion.

Ultimately, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that the ALJ abused his discretion in failing to order a consultative examination, and

the Court finds no merit to Plaintiff's objection. The regulations provide that an ALJ has discretion in deciding whether to order a consultative examination. *See* 20 C.F.R. §§ 404.1519a, 416.919a (2002). The regulations further provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision, which is not the case here. *See id.* Here, the ALJ did not find the evidence as a whole was insufficient to determine whether Plaintiff was disabled, and the Court finds no error on this basis. The ALJ evaluated the opinions of Dr. Jones, Dr. Mourtada, Dr. Porter, and LMSW Salters and provided specific reasons for the weight assigned to each, and the Court finds that substantial evidence supports the ALJ's analysis. Therefore, the Court agrees with the Magistrate Judge that the ALJ was not required to re-contact Dr. Mourtada or to otherwise order additional consultative examinations.

### C. The ALJ's Hypothetical Question and Step Five Determination

As a final ground, Plaintiff asserts that the ALJ's finding at step five of the sequential evaluation is not supported by substantial evidence because the VE's testimony was based on an incomplete hypothetical question that did not take into account Plaintiff's mental and physical limitations. In her Report, the Magistrate Judge found no merit to Plaintiff's claim and noted that the ALJ explained the weight given to the medical evidence and ultimately determined that the evidence did not support all of Plaintiff's alleged limitations. Accordingly, the Magistrate Judge found that the ALJ properly accounted for Plaintiff's credibly-established limitations and found no error in the ALJ's hypothetical question to the VE.

In his objections, Plaintiff states that the "failure to provide for all limitations corrupted the vocational expert's testimony, which in turn robs the Step 5 finding of

9

substantial support." (ECF No. 26 at 3.)  The Court finds no merit to this conclusory objection.  As the Magistrate Judge explained, the ALJ considered the evidence of record and adequately explained the weight given to the evidence.  For the reasons set forth in the Magistrate Judge's Report and for the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's findings and, thus, the ALJ properly accounted for Plaintiff's credibly-established limitations in assessing Plaintiff's RFC and posing a hypothetical question to the VE.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard.  Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 24) is adopted and incorporated herein; Plaintiff's objections (ECF No. 26) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 11, 2019
Charleston, South Carolina